## LANNING v. NATIONAL SAVINGS & TRUST CO.

### Civil Action No. 8077.

District Court of the United States for the District of Columbia.

Oct. 21, 1941.

Harvey B. Cox and Dorsey K. Offutt, both of Washington, D. C., for plaintiff.

Leo P. Harlow and Marshall H. Lynn, both of Washington, D. C., for defendant.

BAILEY, Justice.

The plaintiff filed her original complaint on August 20, 1940. This was dismissed on motion of defendant on October 3, 1940, with leave to amend. An amended complaint was filed on October 9, 1940, and on October 30, 1940, the amended complaint was dismissed on motion of the defendant. On November 8, 1940, a second amended

150

complaint was filed, to which the defendant filed an answer January 13, 1941.

No further action having been taken by the plaintiff, the suit was dismissed by the Clerk under Rule 24.

On August 20, 1941, plaintiff filed a motion to revive the suit and restore it to the calendar, upon the ground that it had not been calendared for trial "through the inadvertance and oversight of counsel"; that the statute of limitations had run against the bringing of a new suit, and that it was not proper and just that plaintiff should be denied her right to a hearing. The plaintiff's counsel filed points and authorities in support of this motion, based upon the contention that the clerk had no power to dismiss the suit until plaintiff's default had continued for *one year*. It is clear that there is no basis for this contention. See Rule 24 in force at that time.

At the argument of the motion plaintiff's counsel abandoned the position set out in the motion but stated that he had not known of the change in Rule 24 of the period of one year to that of six months.

Since then he has filed an affidavit that he had not calendared the case because of his illness for more than three months beginning shortly after the pleadings were settled; that his associate counsel did not know that the case had not been calendared; that a new action would be barred by the statute of limitations, and that it would not be just to deprive the plaintiff of her right to a hearing by reason of the negligence or lack of diligence of her counsel.

Nothing was said at the argument as to the illness of plaintiff's counsel.

This is an action against an executor for services rendered to the decedent. The deceased died November 28, 1938; plaintiff did not file her claim until November 25, 1939, and although the claim was promptly rejected, did not bring this suit until August 20, 1940. This shows a lack of diligence on the part of plaintiff herself. The lack of diligence and knowledge of plaintiff and her counsel would result, if the suit were reinstated, in tying up the settlement of the estate for a period of time far beyond that in which the estate could normally be settled. I do not think that justice would be served by passing over neglect of this kind to the injury of others.

The motion should be overruled.